## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| ROGER BENSON | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 11-CV-338-MJR-DGW |
| | ) | |
| v. | ) | |
| | ) | |
| CAVALRY PORTFOLIO SERVICES, LLC, | ) | |
| CAVALRY SPV I, LLC, | ) | |
| CAVALRY INVESTMENTS, LLC AND | ) | |
| ANDREW ZARO | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, pursuant to Fed.R.Civ.P. 15(a)(1), for his First Amended Complaint against Defendants, Cavalry Portfolio Services, LLC, Cavalry SPV I, LLC, Cavalry Investments, LLC and Andrew Zaro, and states:

### INTRODUCTION

1.     Plaintiff brings this action to secure redress against the unlawful collection practices engaged in by Cavalry Portfolio Services, LLC, Cavalry SPV I, LLC, Cavalry Investments, LLC and Andrew Zaro, acting in concert.  Plaintiff alleges violations of the Illinois Collection Agency Act, 225 ILCS § 425/1, et seq. ("ICAA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, et seq. ("ICFDBPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") by all Defendants.

2.     The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to

regulation and control in the public interest.  It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois.  This Act shall be liberally construed to carry out these objects and purposes....  It is further declared to be the public policy of this State to protect consumers against debt collection abuse."  225 ILCS 425/1(a).

3.     The ICFDBPA prohibits unfair practices in the conduct of trade and commerce in Illinois.

4.     The FDCPA broadly prohibits unfair or unconscionable collection methods and prohibits conduct which harasses, oppresses or abuses any debtor, and prohibits any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§ 1692(d), 1692(e), 1692(f) and 1692(g).

## **PARTIES**

5.     Plaintiff, Roger Benson, is an individual, citizen and resident of the state of Illinois, residing within St. Clair County, Illinois.

6.     Defendant, Cavalry SPV I, LLC (herein after Cavalry I), is a limited liability company maintaining its principal office in New York, where it conducts business, and is registered to conduct business, and is conducting business as a foreign corporation within the state of Illinois.

7.     Defendant, Cavalry Portfolio Services, LLC (hereinafter Cavalry II), is a limited liability company maintaining its principal office in Phoenix, Arizona.  It conducts business, and is registered as an Illinois foreign corporation authorized to conduct business within the state of Illinois.

8.     Defendant, Cavalry Investments, LLC, is a limited liability company authorized to conduct, and conducting business within the state of Illinois. Defendants, Cavalry I and Cavalry II and Cavalry Investments, LLC, all maintain CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois, as their Registered Agent in Illinois.

9.     Defendant, Andrew Zaro, is an individual, a citizen and resident of the state of Arizona, who is the founder, Chairman of the Board and Chief Executive Officer of Calvary Investments, LLC, which was formed in 1991. Andrew Zaro and/or Cavalry Investments, LLC in turn are the owners and/or members, and in control of Defendants, Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC.  Defendant, Andrew Zaro, conducts business, and has conducted business in Illinois through Defendants Cavalry Investments, LLC, Calvary I and Calvary II.

## FACTS

10.     At all times herein relevant, Defendants, Cavalry Portfolio Services, LLC, Cavalry SPV I, LLC, Cavalry Investments, LLC and Andrew Zaro, acted interchangeably, and as agents and alter egos of one another for the purpose of purchasing debt from credit card companies and telecommunication companies, such as Sprint, for less than ten percent of the amount of the debt,

then attempting to collect, and collecting, an average of a much larger percentage of the debt from consumers, on a massive scale, while intentionally avoiding compliance with federal and Illinois statutes enacted, and Illinois Common Law developed, to provide protection for consumers against unfair and unconscionable collection methods.

11.     Defendants, collectively, have sent substantially more than 100,000 dunning/demand letters to consumers demanding payment and have filed debt collection suits against consumers on substantially more than 5,000 occasions while repeatedly violating the FDCPA even though more than 1,000 lawsuits, including some class action lawsuits, alleging violations of the FDCPA, have been filed against one or more of the Defendants.  On information and belief, one or more of the Defendants have settled a number of the FDCPA lawsuits against them by entering into settlements under which one or more of the Defendants paid more than $1,000.00 to the Plaintiffs.  Instead of changing their business practices, as a result of the numerous lawsuits against them, Defendants treat the costs of such litigation as a cost of doing business in the method they have elected to pursue, which includes repeated violations of the FDCPA, the ICFDBPA and the ICAA.  Defendants have decided that it is more cost effective to continue to violate the FDCPA, the ICFDBPA and the ICAA and related statutes, and common law principles, in Illinois and throughout the United States, and to settle lawsuits alleging violations of those statutes and common law principles when held accountable, instead of changing their debt collection practices to comply with such statutes and common law principles.

Case No. 11-CV-338-MJR-DGW

12.     At all times herein relevant, all Defendants conducted a debt collecting business, by acting in concert, within the state of Illinois by sending demand letters to the Plaintiff, which were received in Illinois by the Plaintiff, who then sent a responsive letter to the first demand letter, from Illinois.  The alleged assignor of the alleged debt in question, HSBC Card Services, also billed Plaintiff from Carol Stream, Illinois and Plaintiff corresponded with HSBC Card Services and made payments to it by mailing the same to that address in Carol Stream, Illinois.  See Exhibits D and G attached.

13.     Plaintiff previously maintained an address at 429 East Commerce Street, Apt 126, Hernando, Mississippi, but currently resides in St. Clair County, Illinois.

14.     During, about, November 2008, Plaintiff wrote to senior management at HSBC Bank offering to settle and compromise an alleged debt. HSBC Bank deposited the payment made pursuant to the settlement offer.  The payment stated that it was in full settlement in exchange for a full written release.  Copies of Plaintiff's November 2, 2008 letter (Exhibit D), Plaintiff's money order payable to HSBC Card Services (Exhibit E), a certified copy of the money order indicating that it was cashed by HSBC Card Services (Exhibit F) and an April 2009 statement from HSBC Card Services to Plaintiff (Exhibit G) are attached hereto and incorporated herein by reference.

15.     On November 12, 2010, Defendants wrote Plaintiff at the Mississippi address, demanding payment of an account, allegedly as Assignee

of HSBC Bank Nevada N.A., demanding payment of $6,290.70.  A copy of that letter, in two pages, is attached hereto as Exhibit A.

16.     The letter attached as Exhibit A was forwarded to Plaintiff at his current address in Swansea, Illinois.

17.     On January 10, 2011, less than thirty days after receiving Exhibit A, Plaintiff wrote Cavalry II disputing the alleged debt, demanding that the Defendants immediately cease contacting him and demanding verification and validation of the alleged debt, as set forth in Exhibit B, in four pages, attached hereto and incorporated herein by reference.

18.     The January 10, 2011 letter was sent by Plaintiff by certified mail and was received by Defendant, Cavalry II, on January 13, 2011, as set forth on p. 4 of Exhibit B attached.

19.     The letter attached as Exhibit B was mailed to Defendant, Cavalry II, by Plaintiff, from St. Clair County Illinois.

20.     On January 15, 2011, Defendants again wrote Plaintiff demanding proof that Plaintiff had paid the disputed account in full, without providing verification or validation of the alleged, disputed, debt, as set forth in Exhibit C, in two pages, attached hereto and incorporated herein by reference.

21.     Plaintiff received the January 15, 2011 letter from the Defendants (Exhibit C) after it was forwarded to Plaintiff in Swansea, St. Clair County, Illinois.

Case No. 11-CV-338-MJR-DGW

## COUNT I

## (VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT)

22.    Plaintiff reallges and incorporates herein by reference ¶¶ 1-21 as fully set forth above.

23.    Defendants, acting in concert, violated 15 U.S.C. § 1692 (d), (e), (f) and (g) by writing Plaintiff and sending a second dunning/demand letter to Plaintiff (Exhibit C) after they received Plaintiff's letter disputing the debt and demanding validation and verification, entitling Plaintiff to recover statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692 (k), plus a reasonable attorneys fee.

24.    Plaintiff has incurred, and will incur, reasonable attorneys fees in prosecuting this claim in a sum in excess of $25,000.00.  Plaintiff has entered into a written Legal Services Agreement retaining David M. Duree and David M. Duree & Associates, P.C. to represent him in exchange for an hourly fee of $250.00 per hour.

## COUNT II

## VIOLATION OF THE ILLINOIS COLLECTION AGENCY ACT)

25.    Plaintiff reallges and incorporates herein by reference ¶¶ 1-21 and 23-24, as fully set forth above.

26.    Defendants, Cavalry I and Cavalry II, both qualify as debt collecting agencies under the Illinois Collection Agency Act, 225 ILCS § 425/1, et. seq.  At all times herein relevant, Defendants, Calvary I and Cavalry II, were

acting under the direction and control of Defendants, Calvary Investments, LLC and Andrew Zaro.

27.     The ICAA has strict requirements for assignments of debt transferring an alleged debt to a debt collecting agency, requiring written assignments stating the amount of consideration for the assignment and that any assignment be duly executed by an officer of the entity assigning the debt, as set forth in 225 ILCS § 425/8(b) and <u>Business Service Bureau Inc. v Webster</u>, 298 Ill. App.3rd 257, 698 N.E. 2nd 704 (4th District Ill. App.1998).  See also <u>Unifund CCR Partners v </u>Shah, _____ N.E.2d _____, 2011 WL 477725 (Ill. App. 1st Dist. February 1, 2011).  The purported assignment, as set forth in Exhibit A, does not meet the requirements of the ICAA.

28.     None, or almost none, of the alleged debts that the Defendants attempt to collect, and collect, in Illinois have assignments that comply with the requirements of Section 8(b) of the ICAA.  The alleged assignments described in Exhibits A and C attached do not meet the requirements of Section 8(b) of the ICAA because any such assignments do not state the amount of consideration for the assignment, are not duly executed by an officer of HSBC Bank, do not specifically refer to the alleged debt and do not state the effective date of the assignment.

29.     Section 9(20) of the ICAA provides that a Defendant violates the ICAA by attempting, or threatening, to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. Defendants violated that section by demanding payment from the Plaintiff with

knowledge that the alleged assignment did not meet the requirements of the ICAA, which also provides that it is a violation of the ICAA to file suit to collect a debt without an assignment in the form specified in Section 8(b) of the Act.

30.    A private right of action exists for violation of the ICAA.  Sherman v Field Clinic, 74 Ill.App.3d 21, 392 N.E.2d 154 (1st Dist. 1979).

31.    On January 10, 2011 (Exhibit B), Plaintiff responded to the initial demand/dunning letter by advising Calvary II that Plaintiff had previously settled the debt and had been released through an agreement reached with HSBC Bank during November 2008.  See p. 2 of Exhibit B and Exhibits D, E and F.  Plaintiff also demanded verification and validation of the alleged debt. See p. 1 of Exhibit B.  Instead of providing verification and validation of the debt, as required by the FDCPA, Defendant, Cavalry II, acting in concert with Cavalry I and Cavalry Investments, LLC, pursuant to policies and practices established by Defendant, Andrew Zaro, ignored the demand for verification and validation of the alleged debt, and instead falsely wrote Plaintiff that it was his obligation to provide proof that the debt had been paid, thereby violating Section 1692(d), (e), (f) and (g) and Section 9(20) of the ICAA.  See Exhibit C.

32.    Instead of providing verification and validation of the alleged debt, as required by the FDCPA, Defendants, acting in concert, falsely advised Plaintiff that he as required to prove the debt had been paid, intentionally causing Plaintiff to suffer extreme emotional and mental distress, fear and humiliation, causing Plaintiff to sustain damages in a sum in excess of $50,000.00.

33.     Punitive damages may be recovered under the ICAA.

34.     The conduct of the Defendants, as described above, in Count II, was willful, wanton and outrageous warranting an additional sum as and for punitive damages in a sum in excess of $100,000.00 against Defendant, Cavalry Portfolio Services, LLC, in an additional sum in excess of $100,000.00 against Defendant, Cavalry SPV I, LLC, in an additional sum in excess of $100,000.00 against Defendant, Cavalry Investments, LLC, and in an additional sum in excess of $100,000.00 against Defendant, Andrew Zaro.

## COUNT III

### (VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT)

35.     Plaintiff reallges and incorporates herein by references ¶¶ 1-21 and 23-24 and 26-34 as fully set forth above.

36.     The Defendants, collectively, have repeatedly, intentionally, attempted to collect, and have collected, debts in Illinois through the use of assignments from the original creditor without meeting the requirements of the ICAA, including, but not limited to, the requirements of 225 ILCS § 425/8(b), thereby violating both Sections 8(b) and 9(20) of the ICAA.

37.     At all times herein relevant Defendants, Cavalry I, Cavalry II and Calvary Investments, LLC, have engaged in the conduct of a trade and or commerce within the state of Illinois as defined by 815 ILCS 505/2 by attempting to collect debts within the state of Illinois.  At all times herein relevant, Defendants, Calvary I, Cavalry II and Calvary Investments, LLC, acted

under the direction and control of Defendant, Andrew Zaro, pursuant to practices and policies established Defendant, Andrew Zaro.

38.     The Defendants have each engaged in unfair and deceptive acts and practices through the employment and use of deception, fraud, false pretenses, false promises, misrepresentation, concealment, suppression and/or an omission of material facts with the intent that others rely upon such concealment, suppression and/or omission by failing to provide Plaintiff with the details of the alleged unpaid debt and by failing to provide Plaintiff with the details of the alleged assignment of debt and by attempting to collect a debt that was allegedly assigned without meeting the requirements of the Illinois Collection Agency Act, causing Plaintiff to sustain actual damages in a sum in excess of $50,000.00.

39.     Plaintiff has incurred, and will incur attorneys' fees in a sum in excess of $25,000.00, which Plaintiff is entitled to recover from both Defendants, jointly and severally, pursuant to 815 ILCS 505/10(a).

40.     The conduct of each Defendant, as described above, was willful, wanton and outrageous, warranting an additional sum, under Count III, as and for punitive damages in a sum in excess of $100,000.00 against Defendant, Cavalry SPV I, LLC, and for an additional sum in excess of $100,000.00 against Defendant, Cavalry Portfolio Services, LLC, and for an additional sum in excess of $100,000.00 against Defendant, Cavalry Investments, LLC, and for an additional sum in excess of $100,000.00 against Defendant, Andrew Zaro,

which Plaintiff is entitled to recover from each said Defendant pursuant to 815 ILCS 505/10(a).

WHEREFORE, Plaintiff, Roger Benson, prays for the following relief:

(1)   For damages of $1,000.00 pursuant to 15 U.S.C. § 1692(k) under Count I;

(2)   For attorneys' fees in a sum in excess of $50,000.00;

(3)   For compensatory damages, under Count II, in a sum in excess of $50,000.00.

(4)   For compensatory damages, under Count III, in a sum in excess of $50,000.00.

(5)   For punitive damages against Defendant, Cavalry Portfolio Services, LLC, in a sum in excess of $200,000.00;

(6)   For punitive damages against Defendant, Cavalry SPV I, LLC, in a sum in excess of $200,000.00;

(7)   For punitive damages against Defendant, Cavalry Investments, LLC, in a sum in excess of $200,000.00;

(8)   For punitive damages against Defendant, Andrew Zaro, in a sum in excess of $200,000.00;

(9)   For court costs;

(10)  For such other and further relief as is appropriate.

_/s/ David M. Duree_
David M. Duree, ARDC 0697087
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
P.O. Box 1416
O'Fallon, IL 62269-1416
Tel:   618-628-0186
Fax:   618-628-0259
Email:   law@dmduree.net
Attorneys for Plaintiff, Roger Benson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing pleading was filed electronically with the Court on April 27, 2011 and that the Clerk of the Court will send notification of such filing using the CM/ECF system, to the following:

Ms. Danielle M. Kays
Ms. Anna-Katrina S. Christakis
Grady Pilgrim Christakis Bell, LLP
53 W. Jackson Blvd., Suite 1515
Chicago, IL 60604

Attorneys for Defendants, Cavalry Portfolio Services, LLC,
Cavalry SPV I, LLC, Cavalry Investments, LLC and Andrew Zaro

_/s/ David M. Duree_
David M. Duree, ARDC 0697087
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
P.O. Box 1416
O'Fallon, IL 62269-1416
Tel:   618-628-0186
Fax:   618-628-0259
Email:   law@dmduree.net
Attorneys for Plaintiff, Roger Benson